## LINN v. SILSBEE AUTO CO.    (No. 859.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 9, 1922.)

Sales ⊛87(3)—Evidence held insufficient to show account against seller of automobile business included in sale.

Where the owner of an automobile and accessories business sold it together with all accounts due, evidence that, when an account against the owner was reached, he stated that it was a mistake and should have been charged to expense, as he was the sole owner of the business, *held* not overcome by contrary evidence, so that the inclusion of such account in the sale was not proved.

Appeal from Hardin County Court; Thos. F. Teel, Judge.

Action by the Silsbee Auto Company against T. E. Linn. From a judgment of the county court affirming a judgment for plaintiff in the justice court, defendant appeals. Reversed and remanded.

Howth & O'Fiel, of Beaumont, for appellant.

Coe & Briggs, of Kountze, for appellee.

O'QUINN, J. Appellee sued appellant in justice court, precinct No. 5, Hardin county, Tex., on an open account for the sum of $161.08. From a judgment by default against him, he appealed to the county court of said county, where judgment also went against him for said amount, and he brings this appeal.

It appears from the record that appellant, who resided in Jefferson county, Tex., was cited to appear on October 8, 1921, in justice court, precinct No. 5, Hardin county, Tex., to answer appellee's suit; that appellant prepared a plea of privilege to be sued in the county of his residence, Jefferson county, Tex., and sent said plea by registered mail to Hon. A. S. Norrid, justice of peace in and for said justice precinct No. 5, Hardin county, on October 7, 1921, but that said letter did not reach the justice of peace until October 10th, two days after he had heard the case and rendered judgment against appellant, but that, after receiving said plea, he filed same among the papers of the case. Appellant, without making any motion in said justice court for a new trial, or for setting aside the judgment that had been rendered against him, appealed the case to the county court of said Hardin county, and on November 21, 1921, filed therein another plea of privilege, which was heard and overruled by the court on December 9, 1921, and upon a trial before the court without a jury, on said date, judgment was rendered for appellee.

Appellant first complains that the court erred in overruling his plea of privilege.

Appellee objects, for various reasons, to our considering this question, and the state of the record is such that, upon a strict construction of the rules, we would, perhaps, not be authorized in doing so; but we have considered same, and do not believe there is any error shown, and the assignment is overruled.

Appellant next complains that the court erred in rendering judgment for appellee, and, says the evidence is not sufficient to support same.

The undisputed facts are: (1) That appellant, Linn, in August, 1920, was engaged in the auto and auto accessory business at Silsbee, Hardin county, Tex., under the business name of Hardin Motor Company, but that he was the sole owner of said business; (2) that appellee, a corporation doing business at Silsbee, Hardin county, Tex., under the corporate name of Silsbee Auto Company, for a valuable consideration (amount not shown by the record) purchased said business of appellant from him, including all his accounts, paying dollar for dollar for said accounts, appellant guaranteeing the correctness of said accounts, but not guaranteeing their payment; (3) that in order to arrive at said accounts appellant had his bookkeeper to make a list of all the accounts appearing upon the books of appellant, and that in said list and upon said books there appeared an account against appellant, T. E. Linn, for the sum of $161.08, the one in question here; (4) that said list was called off or gone over by the parties in their negotiating the trade, and said account was called off at said time, as one of the accounts being sold to appellee.

The disputed question is: Did appellant sell to, and was it so understood by both parties at the time the deal was closed, the account against himself in question? Appellant contends that he did not sell said account to appellee, and says that when said account was called off, in going over the list, that he told appellee, then and there, that said account was a mistake, that he was the sole owner of the business being sold, and had not authorized any items to be charged against him, but had instructed the bookkeeper to charge same to expense account, and that said account should be scratched off the list, and that same was not included in the list of accounts sold to appellee. Appellee insists that said account was included in said list of accounts sold and delivered to them by appellant, and that they bought and paid for same.

Carl Markley, witness for appellee, testified:

"That he is now the manager of the Silsbee Auto Company; * * * that during the month of August, 1920, the said T. E. Linn sold to the said Silsbee Auto Company the business and property known as the Hardin Motor

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Company; that he (Carl Markley) personally knows there is an account charged against T. E. Linn on the books transferred to the Silsbee Auto Company by the Hardin Motor Company, in the sum of $161.08, and that said account has not been paid; that he had no connection with the company at the time of the trade with T. E. Linn; that he was not present when the Silsbee Auto Company purchased the Hardin Motor Company from T. E. Linn; that he knows nothing about what was said at that time between the parties, and he knows nothing personally as to what agreement was made when the Hardin Motor Company was purchased from T. E. Linn by the Silsbee Auto Company; that the books show that said account charged to the said T. E. Linn by Hardin Motor Company was for supplies and accessories."

Paul H. Powell, witness for appellee, testified:

"That he was one of the stockholders of the Silsbee Auto Company; that he has since sold his interest to Mr. Carl Markley; that he knows there was an account charged on the books against T. E. Linn when the said books were transferred to the Silsbee Auto Company by the Hardin Motor Company; that he was present when the deal was made; * * * that relative to the accounts, they paid dollar for dollar; that he does not remember what was the total amount paid for all of the accounts; that they paid Mr. Linn a bonus of $2,500 for the business; that they added to the inventory price of the supplies, parts, and accessories the sum of the total amount of the accounts then due the Hardin Motor Company; that there was never any question about the accounts; that there was no disagreement as to the accounts; * * * that if this account against Mr. Linn had been charged off before final payment for said business, that the ones who bought the Hardin Motor Company would have bought it for $161.08 less; that he (Powell) did call off the list of accounts that were to be and later were transferred from the Hardin Motor Company to the Silsbee Motor Company; that he was certain that he (Powell) was present, and that Mr. Bailey (manager for Hardin Motor Company) was present when these accounts were called off; that he is not sure whether Mr. Linn was present or not, but it was his impression that Mr. Linn was not there; that he did not remember calling off an account charged against T. E. Linn and asking, 'What do you want to do about this T. E. Linn account?'"

George Markley, witness for appellee, testified:

"That he was a shareholder of the Silsbee Auto Company at the time of the purchase of the Hardin Motor Company, and is, at the time of the trial of the case of Silsbee Auto Company v. T. E. Linn; that he was present when the deal was made for the purchase of the Hardin Motor Company by the Silsbee Auto Company; that he, Mr. P. H. Powell, and Mr. Linn negotiated the deal; that Mr. Linn at first wanted $5,000 bonus for the business, and that, when speaking to Mr. Linn in Beaumont, they practically agreed to pay it, but later,

after carefully considering the matter, agreed to pay him a $2,500 bonus, and that Mr. Linn finally agreed, and did accept the $2,500 bonus; that the manner in which they arrived at the total price to be paid Mr. Linn was in this manner; Mr. Linn had his men to write a complete inventory of all the cars, supplies, and accessories then owned by the Hardin Motor Company and to place a valuation on each article listed in said inventory; Mr. Linn also had his bookkeeper, Mr. Herbst, make out a list of all the accounts that were then owing to the Hardin Motor Company; * * * that there was never any question raised in regard to the accounts, the agreement being that they would pay dollar for dollar for said accounts; that he does not remember what was the total amount paid for all of the accounts, and in addition thereto, paid him a bonus of $2,500, over and above the amount of the inventory and the accounts; that among the accounts transferred from the Hardin Motor Company was an account charged to T. E. Linn for the sum of $161,08, for supplies, accessories, and parts; that he did not know, at the time of the sale, that Mr. Linn's account was among those sold to the Silsbee Auto Company; that said account is on the books against Mr. Linn, and that it has not been paid. * * *"

E. F. Herbst, witness for appellee, testified:

"That he was the bookkeeper for the Hardin Motor Company at the time of the sale of same to the Silsbee Auto Company; that he is now in the employ of George Markley, at the Jasper Garage, Jasper county, Tex.; that he also audited the accounts of the Silsbee Auto Company; that at the time of the sale of the Hardin Motor Company to the Silsbee Auto Company, at the instruction of Mr. Linn, he prepared a list of all accounts which the books showed were owing to the Hardin Motor Company; that the list of accounts which he prepared contained an account of $161.08, which he had charged to Mr. T. E. Linn; that Mr. Linn had not instructed him to charge this account against the said T. E. Linn; that before the time of the entry of the account in question in this case against T. E. Linn, that he (Mr. Herbst), as bookkeeper, had charged certain articles taken by T. E. Linn against T. E. Linn, and had sent Mr. Linn a bill for the same, but that Mr. Linn instructed him not to do that, but to charge it to the expense account, which was form No. 54; that later on the account in question in this case was placed on the books against Mr. Linn, but Mr. Linn had not instructed him to do this; * * * that Mr. Linn had received these articles for which he had been charged while he was the sole owner of the Hardin Motor Company."

L. E. Bailey, witness for appellant, testified:

"That he was the manager of the Hardin Motor Company at the time of its sale to the Silsbee Auto Company; that T. E. Linn was the sole owner of the Hardin Motor Company at that time; * * * that he was present when Mr. P. H. Powell called off the list of

accounts; that Mr. Powell asked, 'What are you going to do about this T. E. Linn account?' That Mr. Linn said: 'Charge it off. I did not know it was on there.' "

Appellant, T. E. Linn, testified:

"That he was the sole owner of the Hardin Motor Company at the time of the sale of it by him to the Silsbee Auto Company; * * * that he guaranteed the correctness of the accounts, but did not guarantee payment of same; that the account in question against T. E. Linn in this case should not have been on the list, as he was the sole owner of the business, and as he had instructed the bookkeeper, prior to this, when the bookkeeper had made an entry against him, to strike the same out and charge it to expense; that he did not know this account had been charged against him; * * * that the first time he knew it was on the books was when P. H. Powell, preparatory to closing the deal, called off the said account, and asked, 'What about this T. E. Linn account?' And that he (T. E. Linn) said, 'Charge it off,' or, 'Strike it out,' as he did not know such an account had been charged against him, as he was the sole owner of the business at the time; * * * that if the account was among the accounts transferred to the Silsbee Auto Company, it was an error, as he did not intend for any personal account against him to be transferred to the Silsbee Auto Company. * * *"

The above is all the testimony touching the question as to the inclusion of said account in the sale by appellant to appellee. The burden was upon appellee to prove by a preponderance of the evidence, that said account was sold to it by appellant. We do not think that appellee has met this burden. The above testimony shows that at the time the parties were closing up the deal, and the list of accounts to be transferred were being gone over, this account was called, and appellant was asked about it, and replied that he did not know such an account was on his books; that it was a mistake and should be stricken off the list—to charge it off—that he was the sole owner of the business being sold, and that the account charged against him should have been charged to expense account, and that he had so instructed his bookkeeper. This is not denied by any witness, but is corroborated by the bookkeeper as to appellant's instructions that such items should have been charged to expense account, and by the manager (Bailey) as to what appellant said about the account not being proper, and that it should be stricken off. On the other hand, for appellee, the witness Powell, who was present when the deal was made and who called off the list of accounts, testified that he was not sure whether appellant was present when he (witness) called, the list of accounts, and that he did not remember the statement testified to by appellant. Carl Markley, witness for appellee, testified that the account was on the books trans-

ferred to appellee, and had not been paid; that he was not present when said accounts were transferred, and did not hear what was said by the parties at said time. George Markley, witness for appellee, testified that the account was on the books and not paid; that he did not know, at the time of the sale, that the Linn account was among those sold to appellee.

We do not believe that the evidence in behalf of appellee is sufficient to overcome the positive testimony of appellant that the account in question was not sold to appellee.

Because in our opinion the evidence is not sufficient to support the judgment, the judgment is reversed, and the cause remanded.